Filed 11/20/20  West American Ins. Co. v. Valles CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS VALLES,<br><br>    Defendant and Appellant. | B296771<br><br>(Los Angeles County Super. Ct. No. BC697805) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Reversed and remanded with instructions.

Law Office of Fred Hanassab, Fariborz Fred Hanassab; Jeff Lewis Law, Jeffrey Lewis and Sean C. Rotstan for Defendant and Appellant.

Lindahl Beck and Kelley K. Beck for Plaintiff and Respondent.

_____

Luis Valles appeals from a declaratory judgment entered in favor of West American Insurance Company (WAIC).  The trial court ruled that Valles could not recover medical expenses and full wage loss through an uninsured motorist policy issued by WAIC because Valles could have, but did not, obtain those benefits through workers' compensation.

We conclude the judgment was premature given Valles's pending workers' compensation claim, the resolution of which may undercut critical factual assumptions underlying the judgment for which there was no record.  Accordingly, we reverse the judgment, and instruct the trial court to stay further proceedings pending resolution of Valles's workers' compensation claim.

## FACTUAL AND PROCEDURAL BACKGROUND

The evidentiary record in this case is slim at best.  No witnesses appeared at trial, and the only evidence introduced at trial was a copy of WAIC's insurance policy.[1]  Our summary of the underlying facts is taken from WAIC's proposed findings of

---

[1] The appellate record contains some additional documents not introduced at trial.  WAIC attached to its complaint a copy of what appears to be Valles's application for adjudication of a workers' compensation claim by the Workers' Compensation Appeals Board.  Following trial, Valles's counsel filed Valles's proposed findings of fact and conclusions of law, which included a declaration from Valles's counsel attaching what appear to be Valles's demand for uninsured motorist arbitration and a series of e-mails between a claims specialist and Valles's counsel's office regarding Valles's uninsured motorist claim.  As noted *post*, the trial court did not adopt Valles's proposed findings of fact and conclusions of law.

fact and conclusions of law, which the trial court adopted in full. We summarize additional facts from the complaint and from Valles's proposed findings of fact and conclusions of law, although the trial court did not adopt them. We provide this factual summary for context only, and our characterization of the facts is not binding on any future proceedings. By including facts here, moreover, we express no opinion as to their validity or admissibility.

While driving a vehicle belonging to his employer, Valles was injured in an accident with another vehicle. Valles's employer had an insurance policy issued by WAIC that provided uninsured motorist coverage with a limit of $1 million per accident (the WAIC policy). The other vehicle involved in the accident qualified as an uninsured motor vehicle under the WAIC policy.[2]

Valles timely filed a claim for workers' compensation benefits for his injuries from the accident. According to Valles, he first obtained medical care through workers' compensation, "but he concluded his medical care and treatment, including surgical procedures, with other medical providers." Valles then submitted an uninsured motorist claim to WAIC for medical expenses of $369,000, as well as future medical expenses and wage loss.

WAIC filed an action for a declaratory judgment as to its coverage obligations. WAIC invoked an exclusion in paragraph

---

[2] The other vehicle was covered by an insurance policy with a bodily injury liability limit of $100,000, bringing the vehicle within the definition of an uninsured motor vehicle to the extent Valles's bodily injury damages exceeded $100,000. Valles purportedly received the full $100,000 from the other motorist's insurer.

3

C.3 of its policy stating that the uninsured motorist coverage "does not apply to any of the following: [¶] . . . The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law . . . ."

WAIC contended that it would be to the "indirect benefit" of the workers' compensation insurer if Valles could "simply elect to receive medical treatment outside workers' compensation and forego pursuing disability benefits," and instead seek coverage for treatment and disability from WAIC. Therefore, WAIC asserted, Valles was precluded from recovering from WAIC what could have been obtained through workers' compensation had Valles pursued those benefits. WAIC further asserted that Valles could have obtained all necessary medical treatment through workers' compensation, as well as disability payments, and thus WAIC should not be responsible for any of it.

As noted above, the parties presented no witnesses or evidence at trial apart from the WAIC policy, and thus the trial consisted entirely of argument. Following trial, the parties submitted proposed findings of fact and conclusions of law. The trial court adopted WAIC's proposed findings and conclusions without modification, which tracked the argument summarized above.

The trial court issued the following declaratory judgment in favor of WAIC: "A. Valles is not entitled to recover in settlement or arbitration of his [uninsured motorist] claim against WAIC for past or future medical expenses, because he could have obtained (and might still obtain) reasonably necessary medical treatment, and benefits for same, through the workers' compensation system, rather than electing to incur medical expenses outside of workers' compensation and claiming them as part of his

4

[uninsured motorist] claim; and [¶] B. Valles is not entitled to recover in settlement or arbitration of his [uninsured motorist] claim against WAIC for past or future wage losses, based upon a claimed disability, without offset for disability benefits that could have been recovered (or may yet be recovered) as workers' compensation benefits if pursued."

Valles timely appealed.

## DISCUSSION

"Under Insurance Code section 11580.2 . . . , automobile insurance policies must offer [uninsured motorist] coverage and provide for binding arbitration of certain disputes relating to [uninsured motorist] benefits." (*Case v. State Farm Mutual Automobile Ins. Co., Inc.* (2018) 30 Cal.App.5th 397, 403 (*Case*).) Insurance Code[3] section 11580.2 "sets forth a mandatory minimum required by law," and therefore "[a] policy that purports to limit or provide more restrictive coverage will not be given effect." (*Daun v. USAA Casualty Ins. Co.* (2005) 125 Cal.App.4th 599, 606.)

"Section 11580.2 includes two provisions designed to prevent double recovery of [uninsured motorist] benefits and workers' compensation benefits for the same injury." (*Case, supra*, 30 Cal.App.5th at p. 403.) Those provisions are found under section 11580.2, subdivisions (f) and (h). (*Case*, at pp. 403–404.)

Under section 11580.2, subdivision (h)(1), "Any loss payable under the terms of the uninsured motorist . . . coverage to or for any person may be reduced: [¶] . . . By the amount paid and the

---

[3] Undesignated statutory citations are to the Insurance Code.

5

present value of all amounts payable to him or her . . . under any workers' compensation law, exclusive of nonoccupational disability benefits."

To ensure the uninsured motorist arbitrator can determine the amount to offset under section 11580.2, subdivision (h), the statute imposes a stay on the uninsured motorist arbitration "until the insured's physical condition is stationary and ratable" in the workers' compensation system. (§ 11580.2, subd. (f).) Put another way, section 11580.2, subdivision (f) "permits the insurer to wait until the workers' compensation award has been determined before paying benefits to the insured, in the absence of a showing of good cause." (*Rangel v. Interinsurance Exchange* (1992) 4 Cal.4th 1, 16.) Consistent with this principle, courts have rejected claims that insurers acted in bad faith by delaying benefits until certain determinations are made within the workers' compensation system. (See, e.g., *Rangel*, at p. 5; *Case*, *supra*, 30 Cal.App.5th at pp. 414–415.)

According to WAIC, the instant case presents an issue not addressed by 11580.2 subdivisions (f) and (h), namely, what happens when a person eligible for workers' compensation benefits chooses to bypass that system entirely and seek benefits from the uninsured motorist insurer instead? Under that circumstance, there would be no award under workers' compensation against which to reduce the payment owed by the uninsured motorist insurer under 11580.2, subdivision (h), leaving the uninsured motorist insurer to bear the full cost.

WAIC contends, and the trial court accepted, that section 11580.2 prevents this outcome through language in subdivision (c)(4), which provides, "The insurance coverage provided for in this section does not apply either as primary or as

6

excess coverage . . . [¶] (4) In any instance where it would inure directly or indirectly to the benefit of any workers' compensation carrier or to any person qualified as a self-insurer under any workers' compensation law, or directly to the benefit of the United States, or any state or any political subdivision thereof." As noted above, the WAIC policy contained an exclusion using similar language. WAIC argues that any payments it makes that the workers' compensation carrier otherwise would have made, but for Valles's choice to seek medical treatment outside the workers' compensation system, are to the indirect benefit of the workers' compensation carrier, and therefore are excluded under section 11580.2, subdivision (c)(4) and the equivalent language in the WAIC policy.

WAIC's argument raises a question: If a worker has never sought benefits under workers' compensation, how can we know what benefits that worker might have obtained had he pursued them? WAIC's response is Labor Code section 4600, part of the workers' compensation statutory scheme, which requires an employer to provide all medical treatment "reasonably required" to address the employee's injuries. (Lab. Code, § 4600, subd. (a).) WAIC contends that as a matter of law, Valles could have obtained all necessary medical treatment through workers' compensation, and therefore, if WAIC were to pay for Valles's medical treatment, the workers compensation insurer would receive an indirect benefit from WAIC's payment. WAIC makes a similar argument concerning disability benefits, which WAIC contends are compensable under workers' compensation and provide partial compensation for wage loss.

As noted, the trial court accepted WAIC's argument and issued a declaratory judgment barring Valles from recovering

past or future medical costs from WAIC, or recovering for past or future wage loss to the extent that loss is recoverable as disability benefits under workers' compensation.[4]

Appealing from that judgment, Valles disputes WAIC's and the trial court's interpretation of section 11580.2, and argues the statute merely bars double recovery in the event Valles obtains benefits from workers' compensation. He asks us to reverse the judgment. In the alternative, he asks that the matter be remanded and stayed pending resolution of his unresolved workers' compensation claim. Valles contends the trial court "made assumptions about a possible outcome that is yet unknown."

We agree with Valles's alternative position that the declaratory judgment in this case was premature, and that the record needs further development. Among other things, WAIC's argument, and the trial court's judgment, rely on an unstated assumption that, because Valles chose his own doctors to obtain medical treatment, workers' compensation will not cover those costs. If this assumption is incorrect, and Valles obtains workers' compensation benefits, then the case no longer fits the factual scenario advanced by WAIC, in which Valles has entirely bypassed the workers' compensation system. Instead, although we do not decide the question, the case arguably could fall within

_____

[4] WAIC concedes that Valles can pursue recovery from WAIC of elements of damages that would never have been covered by workers' compensation, "including his general damages and lost wages in excess of disability benefit offsets." (See *Baur v. Workers' Comp. Appeals Bd.* (2009) 176 Cal.App.4th 1260, 1265 [workers' compensation insurance does not cover general damages such as pain and suffering].)

8

the regime governed by section 11580.2, subdivision (h), under which WAIC would offset the amounts owed to Valles by whatever was paid or determined to be payable under workers' compensation.

The record at this stage is insufficient for us, or the trial court, to determine which, if either, of the above factual scenarios applies. It is true that "[e]mployers and their insurers may establish or contract with a medical provider network to treat injured employees," and an injured employee may only seek treatment outside that network under certain circumstances, such as when the employee predesignates a personal physician or the employer fails in its obligation to instruct the employee as to " 'what to do and whom to see.' " (*Chorn v. Workers' Comp. Appeals Bd.* (2016) 245 Cal.App.4th 1370, 1377.) Here, no evidence was presented as to whether Valles's employer had such a network, and if so, whether Valles's circumstances were such that he could go outside that network. Indeed, there was no evidence or discussion of this issue at all.

Also, the record is insufficient to justify the breadth of the declaratory judgment, which precludes Valles from obtaining any recovery of medical costs from WAIC. It is conceivable that some of his medical expenses may be, or would have been, denied for a reason other than the fact that he incurred them outside the workers' compensation system. That is, there may be a category of medical expenses that he could not have recovered through workers' compensation even if he had sought them through that system initially. Even accepting WAIC's position, Valles arguably should not be precluded from recovering those costs from WAIC, because it is not to the workers' compensation insurer's indirect benefit for WAIC to pay costs the workers'

9

compensation insurer would never have paid in the first place. The declaratory judgment does not account for that possibility, and the record is inadequate for us to rule that such a scenario would never exist.

At oral argument, WAIC appeared to suggest that, even if the workers' compensation system determines Valles is entitled to benefits, WAIC should not be responsible for any medical costs in excess of what workers' compensation awards. This argument would appear to dissolve the distinction between injured workers who bypass workers' compensation to seek treatment, as WAIC alleges Valles did, and those who pursue all available treatment through the workers' compensation system but then seek additional medical coverage through an uninsured motorist policy. We are unwilling to decide on this record that there is no significance to the distinction between those two scenarios; the question is best resolved once the record makes clear into which camp Valles falls, if indeed he falls into either. At that point the parties may make arguments appropriate to Valles's particular circumstances, and this opinion should not be read to foreclose any arguments the parties would wish to make.

We do not intend to catalogue the full range of deficiencies in the record; the above examples are sufficient to illustrate that the record leaves many questions unanswered and that it is premature to decide the issues argued in this appeal. Accordingly, we express no view regarding any other issues in this case, including the proper interpretation of section 11580.2, subdivision (c)(4). At the risk of being repetitive, this opinion should not be read to foreclose future arguments the parties may wish to make on a more fully developed record.

**DISPOSITION**

The judgment is reversed and the matter remanded. The trial court is ordered to stay further proceedings pending resolution of Valles's workers' compensation claim. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

CHANEY, J.

FEDERMAN, J.*

---

    \* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.